OPINION
On August 21, 1998, the Coshocton County Grand Jury indicted appellee, Jason Cutwright, on one count of corruption of a minor in violation of R.C. 2907.04. Said charge arose from an incident involving one Leighanna Andrews who was over thirteen but less than sixteen years of age. On May 3, 1999, appellee pled guilty as charged. On June 21, 1999, a hearing was held to determine appellee's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entries filed same date, the trial court sentenced appellee to two years of community control sanctions, including therein a sentence of one hundred fifty-seven days incarceration with credit for time served, and determined there was insufficient evidence to classify appellee as a "sexually oriented offender." Appellant, the State of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED BY FAILING TO MAKE A FINDING THAT THE DEFENDANT WAS CONVICTED OF A SEXUAL ORIENTED OFFENSE AND EXPLAINING TO THE DEFENDANT HIS DUTY TO REGISTER PURSUANT TO R.C. § 2950.04.
 I
Appellant claims the trial court erred in failing to find appellee was convicted of a sexual oriented offense and informing him of his duty to register pursuant to the mandates of R.C. 2950.03 and R.C. 2950.04. We agree. On May 3, 1999, appellee pled guilty to one count of corruption of a minor in violation of R.C. 2907.04(A) as set forth in the indictment. The indictment filed August 21, 1998 contained the following language:
 * * * on or about the 10th day of July, 1998 * * * JASON CUTWRIGHT, DOB: 12/05/1977, * * * did: who is eighteen years of age or older engage in sexual conduct with another, to-wit: Leighanna Andrews, DOB: 04-20-1984, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard making this a violation of section 2907.04(A) of the Revised Code, Corruption of a Minor, a Felony of the fourth degree.
R.C. 2950.01(D)(2)(a) defines a sexually oriented offense as "[a] violation of section 2905.01, 2905.02, 2905.03, 2905.05, or2907.04 of the Revised Code when the victim of the offense is under eighteen years of age." (Emphasis added.) R.C. 2950.04
governs duty to register. Subsection (A)(1) states as follows: (A) Each offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense and who is described in division (A)(1), (2), or (3) of this section shall register at the following time and with the following official:
 (1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and if, on or after the effective date of this section, the offender is released in any manner from the prison term, term of imprisonment, or confinement, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county.
Appellant argues because appellee was convicted of a sexually oriented offense as described in R.C. 2950.01(D)(2)(a), the trial court had the mandatory duty to require appellee to register with the sheriff and inform him of that requirement pursuant to R.C.2950.03(A) and R.C. 2950.04(A)(1). Appellant argues the state was not required to prove anything else; the conviction of a sexually oriented offense alone triggers the registration requirement. By judgment entry filed June 21, 1999, the trial court found appellee had "entered a plea of guilty to or been convicted of a sexually oriented offense." The trial court further found "[u]pon review of the file and pre-sentence investigation the Court finds and determines that there is insufficient evidence to support a finding by clear and convincing evidence that the Defendant is a sexually oriented offender." The trial court found the provisions of R.C. 2950.09 pertaining to classification as a sexual predator apply to the classification of appellee as having committed a sexually oriented offense. T. at 10. We disagree this classification is afforded the same provisions as the determination of a person as a sexual predator or a habitual sex offender. Pursuant to R.C. 2950.07(B)(3), a person who has been convicted of a sexually oriented offense is required to register for ten years. Upon review, we find the indictment alone was sufficient to classify the offense as a sexually oriented offense and the trial court erred in not so finding and ordering appellee to register. The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby reversed and remanded.
 _________________ Farmer, J.
By Farmer, J. Gwin, P.J. and Wise, J. concur.